MANAFATTURA EMMEPI, S.P.A. AND SOUTHEASTERN YARN SALES, INC.,
PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 90–06–00275

(Dated August 8, 1990)

*Siegel, Mandell & Davidson, P.C. (Brian S. Goldstein)* for the plaintiffs.
*Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Velta A. Melnbrencis)* for the defendant.

AQUILINO, *Judge:* The defendant interposed a motion on August 6, 1990 to extend the time to file the record of the proceedings before the International Trade Administration, U.S. Department of Commerce ("ITA") *sub nom. Final Results of Antidumping Duty Review; Spun Acrylic Yarn From Italy,* 55 Fed. Reg. 18,925 (May 7, 1990). According to the motion, under 28 U.S.C. § 2635(b)(1) and CIT Rule 71(a) the deadline for filing the record, from which the extension is sought, is August 10, 1990.

The motion has been submitted on consent of the plaintiffs. The reason for the requested extension is expressed as follows:

> * * * [T]he record has been collated and is about to be delivered to the private contractor for microfilming. However, additional time is needed for the private contractor to microfilm the record, deliver the microfilmed record to the agency, and for the agency to double-check the microfilmed record and to forward it to the Court for filing.

In *Internor Trade Inc.* v. *United States,* 10 CIT 472, 473–74 (1986), the court stated:

> Clearly, the ITA is free to process and maintain its record as it deems appropriate. But agency expediency is not, in itself, ground for extension of the time for filing that record mandated by both Congress and this Court of International Trade. Although the ITA may well labor under a heavy paper burden in view of the nature and number of proceedings within its area of responsibility, counsel make no showing what distinguishes the agency record here from the records in other proceedings. [footnote omitted]

Of course, this did not and does not mean that extensions of time to file administrative records are inappropriate, upon a proper presentation of ground(s) therefor, or that those records may never be filed on microfilm. *See, e.g., Brother Industries, Ltd.* v. *United States,* 13 CIT 361, Slip Op. 89–56 (April 27, 1989). In granting motions for leave to file microfilm of the records in the five actions covered by that decision, the court pointed out, nonetheless, that "[w]hatever the virtues of microfilming, * * * one is not ease of judicial scrutiny of the result thereof". Slip Op.

89–56 at 4. Indeed, the defendant in those actions had offered (in its motions themselves) to "submit in hard copy form any document referred to extensively as an exhibit to any motion or response to a motion * * * filed with the Court * * *." *Id.*

No such offer is contained in the motion at bar, nor does it set forth any other ground upon which the relief requested can be granted. The motion therefore must be, and it hereby is, denied.